## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**JEFFREY SMITH,**                                                              **PETITIONER**
**ADC #109695**

**V.**                              **CASE NO. 1:18-CV-71-JM-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction, et al.**                    **RESPONDENTS**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge

James M. Moody Jr. Mr. Smith may file written objections with the Clerk of Court. To be

considered, objections must be filed within 14 days. Objections should be specific and

should include the factual or legal basis for the objection.

If Mr. Smith does not file objections, he risks waiving the right to appeal questions

of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation

without independently reviewing the record.

**II.    Background:**

On September 20, 2018, Jeffrey Smith filed a *pro se* petition for writ of habeas

corpus.[1] (Docket entry #2) In his petition, Mr. Smith claims that in February, 2018, he

became eligible for parole release to Arkansas Community Correction ("ACC"), but he

---

[1] Mr. Smith has filed two other related lawsuits. *Smith v. Warr*, No. 4:17CV00777 JLH
(E.D. Ark. filed November 24, 2017); *Smith v. Kelley*, No. 1:18CV00033 KGB (E.D.
Ark. filed May 17, 2018).

remains in the Arkansas Department of Correction ("ADC") because he is "being discriminated against and targeted" by the ADC, the ACC, the post-prison transfer board, the Arkansas Department of Community Punishment, and by Ozark Mountain Alcohol Residential Treatment, Inc. ("OMART"). (#2 at 1) Mr. Smith asserts he is being discriminated against because he is disabled. (#2 at 1-2)

Mr. Smith states in his petition that he is "not seeking to challenge the fact or duration of his confinement, the Petitioner only prays that the court will either compel the OMART Transitional Housing Facility to provide Petitioner with acceptance into their facility just as they would an individual without disability or handicap or debilitating personality disorders all of which are correctable with proper medication." (#2 at 3) Alternatively, he asks the court to locate a facility for his release, or to order him released with time served because, prior to revocation, his parole status was unblemished. (#2 at 3)

III. **Discussion**:

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petitioner is not entitled to relief. See Rule 4, Rules Governing Habeas Corpus Cases in the United States District Court.

The federal habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). To the extent that Mr.

Smith complains that state authorities have failed to comply with state laws or failed to follow its own policies, these claims are not cognizable in a federal habeas action. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (omitting citations).

A due process violation may arise from an expectation or interest created by state law or policies. *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016). Under established law, however, Mr. Smith does not have a protected liberty interest in the possibility of being granted parole. See *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (holding there is no federal constitutional right to be conditionally released before the expiration of a valid sentence, and the state is under no duty to offer parole to prisoners.) Nothing in the Arkansas parole statutes creates anything more than the possibility of parole. Thus, the statutes do not establish any right to release on parole that would trigger due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); see also *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (unpublished). Because Mr. Smith has no federal liberty interest in the possibility of obtaining parole, there is no constitutional right at stake here.

Mr. Smith alleges a violation of the Rehabilitation Act and the Americans with Disabilities Act. (#2 at 1) He might be able to pursue those claims, but a federal habeas petition is not a proper avenue to challenge the alleged discrimination. Habeas corpus review focuses only on the fact or length of confinement—not whether there is a discriminatory condition of confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("*Preiser v. Rodriguez*, 411 U.S. 475 (1973) . . . held that habeas corpus is the

exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement and seeks immediate or speedier release[.]")

## IV.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a

certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the

United States District Court. The Court can issue a certificate of appealability only if Mr.

Smith has made a substantial showing that he was denied a constitutional right. 28 U.S.C.

§ 2253(c)(1)-(2). In this case, Mr. Smith has not provided a basis for the Court to issue a

certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V.    Conclusion:

The Court recommends that Jeffrey Smith's petition for writ of habeas corpus (#2)

be DISMISSED, without prejudice; that his motion for leave to proceed *in forma*

*pauperis* (#1) be DENIED as moot; and that a certificate of appealability be DENIED.

DATED this 24th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE